Floyd W. Bybee, #012651
**BYBEE LAW CENTER, PLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-3398
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Frank Vazzano;** | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **National Credit Systems, Inc.;** | |
| | (Jury Trial Demanded) |
| Defendant. | |

## I.   Preliminary Statement

1. Plaintiff brings this action for damages based upon Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq*. (hereinafter "FDCPA"). Plaintiff seeks an award of statutory damages, actual damages, court costs and attorney's

fees.

## II.  Statutory Structure of FDCPA

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. <u>Baker v. G.C. Services Corp.</u>, 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as  any person

|   |   |
|---|---|
| 1 | who uses any instrumentality of interstate commerce |
| 2 | or the mails in any business the principal purpose |
| 3 | of which is the collection of any debts, or who |
| 4 | regularly collects or attempts to collect, directly |
| 5 | or indirectly, debts owed or due or asserted to be |
| 6 | owed or due to another.  FDCPA § 1692a(6). |
| 7 | 7. Any debt collector who fails to comply with the |
| 8 | provisions of the FDCPA is liable for any actual |
| 9 | damage sustained; statutory damages up to $1,000; |
| 10 | attorney's fees as determined by the Court and costs |
| 11 | of the action. FDCPA § 1692k. |

### III.   JURISDICTION

8. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), and 28 U.S.C. § 1331.  Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

### IV.   PARTIES

9. Plaintiff is an individual residing in Maricopa County, Arizona.

10. Plaintiff is allegedly obligated to pay a consumer debt and is a "consumers" as that term is defined by FDCPA § 1692a(3).

11. Defendant National Credit Systems, Inc. ("NCS") is

|   |   |
|---|---|
| 1 | a Georgia corporation with its primary place of |
| 2 | business located at 3750 Naturally Fresh Blvd., |
| 3 | Atlanta, Georgia 30349. |
| 4 | 12. NCS conducts business within the state of Arizona, |
| 5 | and is registered with the Arizona Corporation |
| 6 | Commission. |
| 7 | 13. NCS is licensed by the Arizona Department of |
| 8 | Financial Institutions, license number 0904223. |
| 9 | 14. NCS collects or attempts to collect debts owed or |
| 10 | asserted to be owed or due another. |
| 11 | 15. In the alternative, NCS collects or attempts to |
| 12 | collect debts it has purchased after default. |
| 13 | 16. NCS is a "debt collector" as that term is defined by |
| 14 | FDCPA § 1692a(6). |

### V. Factual Allegations

17. In or about November 2007, Plaintiff incurred a debt for medical services provided by Banner Occupational Health Services.
18. Plaintiff's employer at the time agreed to pay Banner, and as far as Plaintiff was aware did in fact pay Banner for the medical services.
19. Upon information and belief, in or about August 2009, Banner assigned the alleged debt to NCS for collection purposes.
20. On or about August 24, 2009, NCS mailed Plaintiff a

1  letter concerning the Banner account. (A copy of the
2  August 24, 2009 letter is attached hereto as Exhibit
3  A).
4  21. After receipt of Exhibit A, Plaintiff sent NCS a
5  letter dated September 1, 2009 disputing the Banner
6  debt, notifying NCS that he refused to pay the debt,
7  and requesting that NCS cease all further collection
8  activity on the account.
9  22. NCS received Plaintiff's letter on September 11,
10  2009.
11  23. After receiving Plaintiff's letter, NCS sent
12  Plaintiff a letter dated September 25, 2009, with
13  attachments, verifying the alleged debt as owed.
14  24. On September 28, 2009, NCS sent Plaintiff another
15  letter demanding payment of the Banner debt. (A copy
16  of the September 28, 2009 letter is attached hereto
17  as Exhibit B).
18  25. In Exhibit B, NCS states "we are processing this
19  account for placement on your credit history with
20  all three national credit bureaus."
21  26. Defendant's actions taken here were intentional,
22  willful, and in gross or reckless disregard of
23  Plaintiff's rights and part of its persistent and
24  routine practice of debt collection.
25  27. In the alternative, Defendant's actions were

-5-

negligent.

## VI.  Causes of Action

### a.  Fair Debt Collection Practices Act

28. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

29. Defendant's violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692c(c), 1692e, and 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

## VII.  DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendant for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages in an amount to be determined at trial;

c) Costs and reasonable attorney's fees pursuant to §1692k; and

d) Such other relief as may be just and proper.

/ / /

/ / /

1
2       DATED     November 2, 2009    .
3
4                              s/ Floyd W. Bybee
                               Floyd W. Bybee, #012651
5                              **BYBEE LAW CENTER, PLC**
                               4445 E. Holmes Avenue
6                              Suite 107
                               Mesa, AZ 85206-3398
7                              Office: (480) 756-8822
                               Fax: (480) 302-4186
8                              floyd@bybeelaw.com

9                              Attorney for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

-7-